USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/27/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

WANDA LUGO,

                Plaintiff,

  - against -

NANCY A. BERRYHILL,

                Defendant.

------------------------------------

18-cv-2179 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL, District Judge:**

This is an appeal from a denial by the Commissioner of Social Security of claims for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("the Act"). The plaintiff, Wanda Lugo, filed claims for DIB and SSI on January 1, 2014 and November 12, 2015, respectively. An Administrative Law Judge ("ALJ") for the Social Security Administration ("SSA") denied the plaintiff's claims on the grounds that the plaintiff was not "disabled" under the Act. R. & R. at 2. The Appeals Council denied review on January 16, 2018. The plaintiff brought this appeal pursuant to 42 U.S.C. § 1383(c) (incorporating 42 U.S.C. § 405(g)). The parties cross-moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

The Court referred this matter to Magistrate Judge Robert W. Lehrburger for a Report and Recommendation. Magistrate Judge Lehrburger recommended that the plaintiff's motion be granted,

that the Commissioner's motion be denied, and that the case be remanded to the Commissioner. The Commissioner objects to Part V of the Magistrate Judge's Report and Recommendation, and the plaintiff objects to Parts II-IV. The facts of the case are set forth in the Report and Recommendation, and familiarity with those facts is assumed. For the reasons explained below, the Report and Recommendation is **adopted,** the plaintiff's motion is **granted,** the Commissioner's motion is **denied,** and the case is **remanded to the Commissioner** for further proceedings consistent with this Order.

I.

Pursuant to 28 U.S.C. § 636(b)(1)(C), any portion of a Magistrate Judge's Report and Recommendation to which objection is made is subject to de novo review. See, e.g., McClain ex rel. McClain v. Halter, No. 99cv3236, 2001 WL 619177, at *1 (S.D.N.Y. June 5, 2001); DeJesus v. Chater, 899 F. Supp. 1171, 1174-75 (S.D.N.Y. 1995).

A court may set aside a determination by the Commissioner only if it is based on legal error or is not supported by substantial evidence in the record. See 42 U.S.C. § 405(g); Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Burton-Mann v. Colvin, No. 15cv7392, 2016 WL 4367973, at *3 (S.D.N.Y. Aug. 13, 2016). Substantial evidence is "more than a mere scintilla"; it is "such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation marks omitted); see also Garmendiz v. Berryhill, No. 17cv662, 2018 WL 3222747, at *8 (S.D.N.Y. July 2, 2018).

## II.

A claimant must show that she is "disabled" in order to qualify for DIB and SSI. 42 U.S.C. § 423(D)(1)(A) (DIB); 42 U.S.C. § 1382c(a)(3)(A) (SSI). The definition of "disabled" is the same for DIB and SSI. See Barnhart v. Walton, 535 U.S. 212, 214 (2002). A claimant seeking DIB or SSI is considered disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A); accord 42 U.S.C. § 1382(c)(3)(A); see Mitchell v. Colvin, No. 14cv4154, 2015 WL 5306208, at *4 (S.D.N.Y. Sept. 10, 2015).

The analytical framework for evaluating claims of disability for DIB and SSI is set out in 20 C.F.R. §§ 404.1520 and 416.920. In essence, "if the Commissioner determines (1) that the claimant is not working, (2) that [s]he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not

3

capable of continuing in [her] prior type of work, the Commissioner must find [her] disabled if there is not another type of work the claimant can do." Burgess v. Astrue, 537 F.3d 117, 120 (2d Cir. 2008) (citations omitted); see Selian v. Astrue, 708 F.3d 409, 417-18 (2d Cir. 2013); Burton-Mann, 2016 WL 4367973, at *4.

If the plaintiff establishes that she is disabled under 20 C.F.R. §§ 404.1520 and 416.920, the Commissioner must show that there is still work that the plaintiff could perform in the national economy. See Burgess, 537 F.3d at 120. If the plaintiff cannot perform work in the national economy, then the plaintiff's condition qualifies as a disability under the Act. See id.; see also Mejia. Berryhill, No. 16cv6513, 2017 WL 3267748, at *4 (S.D.N.Y. July 28, 2017).

### III.

On appeal, Magistrate Judge Lehrburger addressed five arguments made by the plaintiff: (1) that substantial evidence does not support the ALJ's findings that the plaintiff's carpal tunnel syndrome, shoulder pain, and major depressive disorder were non-severe impairments; (2) that the ALJ improperly determined that the plaintiff's fibromyalgia, alone or in combination with another impairment, did not equal a listed impairment under the Agency's guidelines for evaluating fibromyalgia; (3) that the ALJ assigned too little weight to

4

evidence from the plaintiff's treating physician, Dr. Chang, and failed to provide an adequate explanation for doing so; (4) that the ALJ improperly evaluated the plaintiff's alleged symptoms; and (5) that the Appeals Council erred by denying reconsideration of the plaintiff's claims despite new evidence from Dr. Chang, which the plaintiff submitted on appeal. R. & R. at 15. The Magistrate Judge recommended granting the plaintiff's motion, denying the Commissioner's motion, and remanding this action for further proceedings on the grounds that although the ALJ did not err, the Appeals Council erred "by failing to sufficiently explain its conclusion that the new evidence from [the plaintiff]'s treating rheumatologist would not have changed the ALJ's decision." Id. The Appeals Council stated:

> You . . . submitted . . . office treatment records from Ya Ju Chang, M.D., dated March 25, 2016 through July 5, 2016 (6 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider . . . this evidence.

R. at 2. The Appeals Council also stated:

> You submitted office treatment records from Ya Ju Chang, M.D., dated September 15, 2016 through April 18, 2017 (13 pages). The Administrative Law Judge decided your case through August 31, 2016. This additional evidence does not relate to the period at issue.

5

Therefore, it does not affect the decision about whether you were disabled beginning on or before August 31, 2016.

Id.

## A.

The Commissioner objects to Section V of the Report and Recommendation. As explained below, the Commissioner's objections to the Report and Recommendation are **overruled**.

### 1.

When a claimant submits new evidence on appeal, the Appeals Council shall "evaluate the entire record including the new and material evidence submitted . . . [and] review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996) (citing 20 C.F.R. §§ 404.970(b), 416.1470(b)). When a claimant submits new evidence, the Appeals Council must review the ALJ's decision if the new evidence is both "relevant to the claimant's condition during the time period for which benefits were denied and probative" and not "merely cumulative of what is already in the record," and if there is good cause for failure to offer the new evidence previously. Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir. 1991); see also Pollard v. Halter, 377 F.3d 183, 193 (2d Cir. 2004). Evidence that post-dates an ALJ's decision can still be material if it sheds light on the "severity and continuity of [the plaintiff's preexisting] impairments." Id. at 194.

Moreover, "[t]he concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [ALJ] to decide [the] claimant's application differently." Id. at 193 (quotation marks omitted).

In this case, the ALJ gave limited weight to the opinions of the plaintiff's treating rheumatologist, Dr. Chang, because Dr. Chang's opinions were not supported by a sufficient number of clinical examination notes. R. at 54. Dr. Chang had noted severe limitation on the plaintiff's ability to sit, stand, walk, lift, and carry based on the plaintiff's rheumatoid arthritis and fibromyalgia. R. 1002-08. The record before the ALJ contained notes from only one clinical examination performed by Dr. Chang on March 16, 2016. Because of the lack of documentation, the ALJ gave significantly more weight to the opinion of the consultative specialist, Dr. Alexander, who agreed that "there was [i]nsufficient evidence to establish that [the plaintiff's] conditions met or medically equaled the criteria for [benefits]." Id.

On appeal, the plaintiff submitted six new progress reports from Dr. Chang, each of which included clinical examination findings, and one new MRI report. Three of the reports were dated before the ALJ's decision, and the remaining three along with the MRI report were dated after it. R. & R. at 36 n.14. All

of the reports describe continuance of the same disabilities and symptoms as those before the ALJ.[1]

The new evidence is material because it directly relates to the problem identified by the ALJ and the consultative specialist: that evidence of only a single set of clinical examination notes is insufficient to support Dr. Chang's opinion that the plaintiff was severely disabled, or to accord "controlling weight" to Dr. Chang's opinion as the plaintiff's treating physician. See Lesterhuis v. Colvin, 805 F.3d 83, 88 (2d Cir. 2015) (per curiam). Had the record before the ALJ included evidence of the additional clinical visits, the ALJ could not have belittled Dr. Chang's opinion based on the fact that it was supported by notes from only a single visit. The additional notes indicated mild to moderate pain aggravated by physical activity. R. at 73-78. Therefore, there is a "reasonable possibility" that the ALJ would have weighed the opinions and decided the case differently because the ALJ could not have rejected Dr. Chang's opinions as supported by only a

---

[1] The Magistrate Judge concluded that the treatment notes and the MRI report that were made after the ALJ's decision fell outside the period at issue and "would not be relevant or material." R. & R. at 36 n.14. The plaintiff does not question this decision, but it should be noted that medical records created after the period at issue may be relevant to the condition that existed during the period at issue. See Pollard, 377 F.3d at 194. In this case, the medical records from Dr. Chang indicated that the plaintiff's rheumatoid arthritis and fibromyalgia continued to produce moderate to severe pain that was aggravated by "any physical activity." See, e.g., R. at 12.

8

single visit. Accordingly, the Appeals Council erred by failing to give the new evidence adequate consideration. See Davidson v. Colvin, No. 12cv316, 2013 WL 5278670, at *1-2 (N.D.N.Y. Sept. 18, 2013) (remanding a case to the Appeals Council for failing to consider or explain why they would not consider new evidence submitted on appeal).[2]

**2.**

The Commissioner argues that the case should not be remanded because the Magistrate Judge erred by focusing his review on the Appeals Council's denial notice rather than on whether substantial evidence still supported the ALJ's decision in light of the newly submitted evidence.

"[When] the Appeals Council denies review, the ALJ's decision becomes the [Commissioner]'s final decision." Perez, 77 F.3d at 44. Therefore, the Commissioner argues that the denial notice is analogous to a denial of certiorari and not a final decision reviewable by this Court. While it is true that "[t]he Appeal[s] Council's denial of a request for review is analogous to a denial of certiorari," Pollard, 377 F.3d at 192, unlike the Supreme Court which exercises discretionary jurisdiction, the Appeals Council is <u>required</u> to review cases in which the

---

[2] Neither the Appeals Council nor the parties questioned whether there was good cause for failing to produce the additional treatment records by Dr. Chang that occurred before the ALJ's decision. Therefore, the question of whether there was good cause for failing to produce those records is not at issue on this appeal.

9

plaintiff presents new and material evidence. 20 C.F.R. §§ 404.970(b), 416.1470(b); see also Perez, 77 F.3d at 44. The Appeals Council's denial notice states, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision." R. & R. at 36. However, as discussed above, the new evidence in this case satisfies the requirements for reconsideration because it calls into question the ALJ's reasons for finding that Dr. Chang's opinions lacked adequate support. Because the new evidence was material to the ALJ's findings, the Appeals Council's boilerplate language was not enough to explain the dismissal.

"[W]hen the Appeals Council denies review after considering the new evidence, the final decision necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence." Perez, 77 F.3d at 45 (internal quotation marks omitted). Because of the new evidence, the ALJ's finding -- that there was insufficient clinical documentation to support Dr. Chang's opinions -- no longer remains correct. Thus, it was error for the Appeals Council to summarily affirm the ALJ's findings.

3.

The Commissioner also argues that remand is improper because Dr. Chang's clinical notes are not subject to the treating physician rule. "The treating physician rule 'mandates

10

that the medical opinion of the claimant's treating physician [be] given controlling weight if it is well supported by the medical findings and not inconsistent with other substantial record evidence.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 187 (E.D.N.Y. 2007) (quoting Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000)). An ALJ must give "good reasons" for its decision not to follow the treating physician rule. Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998). Moreover, "[t]he Appeals Council must give the same degree of deference to [a treating physician's opinion] that an ALJ would be required to give." Garcia v. Comm'r of Soc. Sec., 208 F. Supp. 3d 547, 552 (S.D.N.Y. 2016).

The Commissioner argues the that additional clinical notes are objective and do not constitute Dr. Chang's opinions and thus are not due special deference under the treating physician rule. Accordingly, the Commissioner argues that the Appeals Council was not required to give "good reasons" for failing to give Dr. Chang's clinical notes special weight. However, remand is appropriate in this case because the Appeals Council failed to provide a sufficient basis for rejecting the new evidence that was directly relevant to the ALJ's asserted reason for

giving "limited weight" to the opinion of the treating physician.

**4.**

The Commissioner also argues that remand is unwarranted on grounds that the new evidence is cumulative because it shows continued treatment for the same medical conditions rather than further deterioration of the plaintiff's condition. While the Commissioner may speculate that the Appeals Council denied review because the new evidence was cumulative, the Court may not accept the Commissioner's "post hoc rationalizations" for the Appeals Council's decision. See Snell v. Apfell, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's post hoc rationalizations for agency action." (quotation marks omitted)). The actual rationale of the decision of the Appeals Council was that the new evidence "does not show a reasonable possibility that it would change the outcome of the decision." R. at 2. But that rationale fails to come to grips with the fact that the new evidence undercuts the stated rationale of the ALJ. On remand, the Commissioner is free to consider the new evidence along with all the evidence in the record.

**B.**

The plaintiff filed objections to Sections II - IV of the Report and Recommendation twenty days after Magistrate Judge

Lehrburger issued the Report and Recommendation. Opp. at 8. Federal Rule of Civil Procedure 72(b)(2) requires objections to be filed within fourteen days of the Report and Recommendation. Therefore, the plaintiff's objections are overruled as untimely. In any event, the objections are cursory and provide no basis for overturning the recommendation of the Magistrate Judge in Section II through Section IV of the Report and Recommendations. On remand, the Commissioner is free to consider how the new evidence affects the entirety of the ALJ's decision.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the Magistrate Judge's Report and Recommendation is **adopted** in its entirety, the plaintiff's motion for judgment on the pleadings is **granted,** and the Commissioner's motion is **denied.** The case is **remanded to the Commissioner** for proceedings consistent with this Order.

The Clerk is directed to enter Judgment accordingly. The Clerk is also directed to close all pending motions and to close the case.

**SO ORDERED.**

**Dated:** **New York, New York**
**July 26, 2019**

_____
  John G. Koeltl
  **United States District Judge**